Coop *v.* Moore.

4-3624

Opinion delivered December 10, 1934.

*Dene H. Coleman* and *W. K. Ruddell,* for appellants.
*Oscar T. Jones* and *J. Paul Ward,* for appellees.

Humphreys, J. This is an appeal from a judgment of the circuit court of Independence County setting aside the last will of W. J. Coop, deceased, executed by him on September 27, 1932, for the lack of testamentary capacity on the part of the testator to execute same.

A reversal of the judgment is sought by appellants, who are the contestees, on the ground that there is no substantial evidence in the record to support the verdict of the jury upon which the judgment was rendered.

Appellees introduced testimony to the effect that the testator was 91 years of age at the time the will was executed, and that for two years prior thereto he had been failing physically and mentally and had ceased to transact any kind of business himself, having turned his business affairs over to a son and a daughter; that his mind was like that of a child, and his memory so poor that he could not recognize certain of his old friends and neigh-

bors or recall where they lived, and would ask over and over who they were and where they lived; that, a few months before the will was executed, he would undress and stand in the yard stark naked in the presence of his family and where he could be seen by the neighbors next to them and by any one passing the home in which he lived; that, in devising his property, he disinherited some of his children, including his daughter with whom he had lived for over two years, and that on account of senility he was incapable of transacting any kind of business or executing any kind of document.

Although the substance of the evidence thus detailed was contradicted by a number of witnesses introduced by the contestees, the issue of fact was determined by the jury in favor of the contestants. This court has held in will contests that the mental capacity of a testator is a question for the jury, and that the finding of the jury is conclusive if supported by substantial evidence. *Emerick* v. *Arendt,* 179 Ark. 186, 14 S. W. (2d) 547; *Phillips* v. *Jones,* 179 Ark. 877, 18 S. W. (2d) 352.

In the instant case there is ample evidence of a substantial nature to support the verdict.

A reversal of the judgment is also sought on the ground that the trial court allowed Dr. J. M. Hooper to answer the hypothetical question propounded by appellees.

One objection to the question was that it assumed that testimony had been introduced tending to show that the testator, on occasions, "exposed his private parts when his own family was around and others who were not members of his own family were around." Testimony to this effect appears in the record. Mrs. Wright testified that this took place when people would be passing along the public road. Katie Gill testified that she saw him when he was undressed or partly so in the yard in the daytime. Mrs. Gill testified that the testator would appear in the yard frequently undressed. As there was testimony in the record to justify the assumption in the question, the court did not err in permitting it to be included therein.

Another objection to the question is that it omitted two following proved facts:

(a) The evidence omitted refers to certain testimony regarding the $500 note held by Mr. Wright and payable to testator.

(b) The evidence omitted refers to facts about testator coming to town by himself, sitting on the court house wall talking politics, and talking about his children in Oklahoma and their names.

Only matters of essential importance are required to be included in a hypothetical question. Neither of the omitted facts were necessarily essential to the question of the testator's mental capacity.

No error appearing, the judgment is affirmed.